```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                   SOUTH BEND DIVISION
```

| | |
|---|---|
| DAVID ELLIOTT, )  | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 3:07-CV-614 |
| ) | |
| SUPERINTENDENT OF MIAMI ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (DE# 1), filed on December 17, 2007, by the Petitioner, David Elliott. For the reasons set forth below, the Petition is **DENIED**.

BACKGROUND

David Elliott, a *pro se* prisoner, was charged with attempting to traffic, in violation of A-111/113. He was given a hearing on May 29, 2007 and found guilty. During his administrative appeal, that result was overturned and the case was sent back for a new hearing which was held on June 26, 2007. In that second hearing, he was sanctioned with the loss of 180 days earned credit time. Elliot raises four grounds challenging that finding in the instant petition.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

With this principle in mind, the Court turns to Petitioner's arguments.

First, Petitioner alleges that he was not given a copy of conduct report until after he was found guilty. In Exhibit D (DE # 1-2 at 7), he writes that he received a copy of the conduct report on May 29, 2007. Though that date is after his first hearing, and though that may have been a reason that required the reversal of the first hearing, it is not a basis for reversing the result of the rehearing. *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. Here, Elliott received a copy of the conduct report on May 29, 2007 – before his rehearing on June 26, 2007. Therefore there was no due process violation related to his being found guilty during the rehearing.

Second, Elliott claims that various time limits set by prison rules were violated. He makes similar claims in other grounds as well. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Because the violation of prison

2

policies are not a basis for habeas relief, it is not relevant whether this prison policy (or any other) was violated.

Third, Elliott argues that the case number assigned to the conduct report is different than the case number assigned to his screening report. It is unclear why this happened, but it is also irrelevant why it happened. Though *Wolff*, 418 U.S. 539, requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require such a notice to specify the specific name or number of the rule violation, its severity, nor the case number assigned to the matter. Tellingly, in *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003), there was no due process violation where the Final Reviewing Authority changed the charge on appeal – long after the hearing.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights.

*Northern*, 326 F.3d at 911. Here, the change in the case number (which occurred before the hearing) made no substantive difference to the factual basis of the charge against him, therefore this ground presents no basis for habeas relief.

Fourth, Elliott argues that he did not ask for a rehearing during his first appeal. This is irrelevant. Elliot appealed his first hearing. (DE # 1-3 at 3) Elliot raised due process errors in

3

his appeal. When his case was reviewed, the Superintendent overturned his first hearing and sent it back for a rehearing as a result of due process errors. Though Elliot asked for the dismissal of the charges, a rehearing was not an improper remedy for due process errors. Therefore this is not a basis for habeas corpus relief.

CONCLUSION

    For the reasons set forth above, the Petition (DE# 1) is **DENIED**.

DATED:  April 10, 2008                    /s/RUDY LOZANO, Judge
**United States District Court**